Michael Carney, Esq. (SBN 241564)
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Boulevard, Suite 255
Beverly Hills, CA 90211
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY HENDRIX,<br><br>      Plaintiff,<br><br>  v.<br><br>RAMAR INTERNATIONAL CORP, d/b/a RAMAR FOODS, JON MILLER, in his individual capacity, CALVIN (UNKNOWN), in his individual capacity, and MARCOS ELLANNA, in his individual capacity,<br><br>      Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. DISCRIMINATION UNDER TITLE VII;<br>2. RETALIATION UNDER TITLE VII;<br>3. DISCRIMINATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT;<br>4. RETALIATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT;<br>5. HARASSMENT AND AIDING AND ABETTING IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ;<br>6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>7. FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §§ 12940(k)<br>8. CIVIL SEXUAL BATTERY IN VIOLATION OF CALIFORNIA CIVIL CODE § 1708.5<br>9. NEGLIGENT SUPERVISION IN VIOLATION OF THE COMMON LAW |

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after reasonable opportunity for further investigation and discovery. Plaintiff, for her causes of action against these Defendants, alleges as follows:

### NATURE OF CASE

1.     Plaintiff, by her undersigned counsel, brings this Complaint against Ramar International Corp., d/b/a Ramar Foods, Jon Miller, Calvin (Last Name Unknown), and Marcos Ellanna (collectively referred to herein as "Defendants") related to violations under Title VII of the Civil Rights Act of 1964 as

amended, 42 U.S.C. § 2000 et seq. ("Title VII") and the laws of the State of California, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking damages to redress the injuries Plaintiff suffered as a result of being discriminated against and harassed by her employer on the basis of her gender, along with a hostile work environment, retaliation, and wrongful termination.

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343 and pendent jurisdiction thereto.

3. Venue is proper under 28 U.S.C. §1391, inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in this U.S. District.

4. Defendants have significant contact and regularly do business in California, specifically within this federal judicial district such that they are subject to the personal jurisdiction of the Court in this U.S. District.

5. Accordingly, this action properly lies in the Northern District of California pursuant to 28 U.S.C. 1391.

6. On or about August 17, 2022, Plaintiff submitted a Charge with the Equal Employment Opportunity Commission ("EEOC").

## PARTIES

7. Plaintiff is seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by Plaintiff's employer on the basis of Plaintiff's gender and the hostile work environment this discrimination created.

8. Plaintiff is seeking damages to redress the injuries Plaintiff has suffered as a result of being retaliated against by Plaintiff's employer on the basis of Plaintiff's complaint of gender discrimination.

9. At all times material, Plaintiff Brittany Hendrix (hereinafter referred to as "Plaintiff" or "Hendrix") was/is an individual female residing in the State of California, City of Pittsburg.

10. At all times material, Defendant Ramar International Corp, d/b/a Ramar Foods, (hereinafter "Ramar", "Defendant", and "Defendants") was and still is a domestic business corporation organized and existing by virtue of the laws of the State of California with its place of business at 1101 Railroad Avenue,

Pittsburg, California 94565, which held supervisory authority over Plaintiff, controlling various tangible aspects of her employment, including the ability to hire and fire Plaintiff.

11. Defendant Ramar's Manager Jon Miller (hereinafter "Miller," "Defendant" and "Defendants") supervised Plaintiff, controlling various tangible aspects of her employment, including the ability to hire and fire Plaintiff.

12. Defendant Ramar's Manager Calvin (Last Name Unknown) (hereinafter "Calvin", "Defendant" and "Defendants") supervised Plaintiff, controlling various tangible aspects of her employment, including the ability to hire and fire Plaintiff.

13. Defendant Ramar's employee Marcos Isaac Mariano Ellanna (hereinafter "Ellanna", "Defendant" and "Defendants") trained Plaintiff and controlled various aspects of her employment.

14. Plaintiff is informed and believes, and based thereon, that each Defendant sued in this action acts and acted, in all respects pertinent to this action, as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants.

15. Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over Plaintiff. Defendants Miller and Calvin had the power to hire and fire Plaintiff, supervise and control Plaintiff's work schedule and/or conditions of employment, determine Plaintiff's rate of pay, and maintain Plaintiff's employment records. Defendant Ellanna controlled the conditions of Plaintiff's employment and trained Plaintiff. Defendants permitted Plaintiff to work and/or engaged Plaintiff so as to create a common law employment relationship. As joint employers of Plaintiff, Defendants are jointly and severally liable for all relief available to Plaintiff under the law.

**FACTUAL BACKGROUND**

16. At all times material, Plaintiff was and is a female resident of the State of California.

17. Defendant Calvin hired Plaintiff in or around April 2021 as a warehouse picker.

18. Defendants provided Plaintiff with sexual harassment and discrimination training at the time of hire.

19. Defendants provided Plaintiff with an online employee handbook at the time of hire.

20. Plaintiff's duties as a warehouse picker included designing pallets in supermarkets using selected products.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

21. As a warehouse picker, Plaintiff worked approximately forty-seven hours per week. Plaintiff typically worked Monday until Friday, from five o'clock in the morning until two thirty in the afternoon. In this position, Plaintiff earned fifteen dollars an hour.

22. Defendant Calvin and Defendant Miller supervised Plaintiff daily.

23. Defendants promoted Plaintiff in or around December 2021 to the position of truck driver. Plaintiff was informed by Defendants that in this new position, her pay would be increased to seventeen dollars an hour, her schedule would remain the same, and her duties would transition to solely those of a truck driver.

24. Plaintiff worked without issue until on or around January 11, 2022.

25. Despite the harassment training, Defendants subjected Plaintiff to a hostile work environment and discrimination based on Plaintiff's gender.

26. On or around January 11, 2022, Defendant Ellanna trained Plaintiff for her new position of truck driver.

27. Plaintiff and Defendant Ellanna drove separate trucks from Defendant's location in Pittsburg, California to Costco Depot in Tracy, California, arriving at around two thirty in the morning.

28. Once arrived, the pair waited in their respective trucks for approximately one hour while the trucks were unloaded.

29. During this time, Plaintiff put her feet on the dashboard and began to nap.

30. At around three thirty in the morning, Plaintiff was awoken by Defendant Ellanna entering her truck. At this time, Defendant Ellanna tried to force an object into Plaintiff's mouth but was unsuccessful.

31. Then, without Plaintiff's consent, Defendant Ellanna pulled down Plaintiff's pants.

32. Defendant Ellanna then forced his penis into Plaintiff's vagina.

33. Plaintiff yelled for help and demanded Defendant Ellanna stop raping her.

34. Plaintiff was eventually able to push Defendant Ellanna off of her body.

35. Once Defendant Ellanna finished sexually assaulting Plaintiff, Ellanna exited Plaintiff's truck and reentered his own.

36. Once the trucks were unloaded, Plaintiff and Defendant Ellanna left Costco Depot in their respective trucks and began the drive back to Defendants' location in Pittsburg, California.

37. During the return trip to Defendants' Pittsburg location, Plaintiff sent a text message to Defendant Miller, informing him that she needs to speak with him as soon as she arrives to headquarters.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

38. When Plaintiff arrived at Defendant's headquarters in the early morning of January 12, 2022, she complained of the gender discrimination she experienced and informed Defendant Miller that Defendant Ellanna raped her during the training trip to Costco Depot.

39. Due to the trauma and mental anguish, Plaintiff was unable to verbalize the rape. Plaintiff instead wrote down the details of the rape and handed the piece of paper to Defendant Miller.

40. In response, Defendant Miller stated, "I figured that."

41. Defendant Miller called Defendant Calvin and informed him of Plaintiff's complaint of sexual assault and discrimination. Defendant Calvin then relayed the message to Defendant's Human Resource Manager Maggie (Last Name Unknown) ("Maggie").

42. Plaintiff then requested to leave work to go home. Defendant Miller approved this request.

43. While driving home, Plaintiff received a call from Defendant Miller in which he told Plaintiff to return to work.

44. When Plaintiff returned shortly thereafter, Defendant Miller informed Plaintiff she must go to the hospital and the police department.

45. Defendant Miller then drove Plaintiff to the police station, where she reported the rape, and then to the hospital, where a rape kit was conducted.

46. Following the rape and the hours after the rape, Plaintiff experienced extreme disgust, shame, and abandonment of her bodily autonomy.

47. Defendant retaliated against Plaintiff and constructively discharged Plaintiff after she reported the sexual assault to Defendant and complained of gender discrimination.

48. Defendant Ellanna raped Plaintiff on Tuesday, January 11, 2022. Plaintiff was forced to use her accrued paid time off on January 12, 2022 and January 13, 2022 to recover from the assault. Plaintiff returned to work on Friday, January 14, 2022.

49. Upon information and belief, Defendants placed Defendant Ellanna on a ten-day paid leave as discipline for raping Plaintiff.

50. On or about January 12, 2022, one day after the sexual assault and merely hours after she complained to Defendants, Defendant placed Plaintiff on probation.

51. Plaintiff asked Defendant Miller for a copy of the probation contract, but Miller refused. Plaintiff refused to sign the contract but ultimately signed when Defendant Miller threatened to fire Plaintiff.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

52. Upon Claimant's return on or around January 14, 2022, Defendant Calvin told Plaintiff, "**Put it [the sexual assault] in the back of your mind and keep pushing. Do not talk about it with anyone**."

53. Plaintiff was shocked that Defendants demanded her to remain silent and urged her to dismiss the rape.

54. On or around January 14, 2022, about two days after complaining of the sexual assault, Plaintiff was demoted to the position of warehouse picker.

55. On or around January 14, 2022, Plaintiff asked Defendant Miller if she could continue training as a truck driver.

56. In response, Defendant Miller said, "That's not going to happen any time soon."

57. Defendants' campaign of retaliation continued.

58. Following Plaintiff's complaint of gender discrimination and sexual assault, Defendants reduced Plaintiff's pay rate, without notice.

59. Also following Plaintiff's complaint, Defendant Miller began dismissing Plaintiff from her shifts, citing lack of assignments, despite obvious assignments being available. This resulted in Plaintiff's pay to continue to decrease.

60. Defendants continued their campaign of retaliation against Plaintiff when they arbitrarily extended Plaintiff's probation contract in or around March 2022.

61. In or around March 2022, Plaintiff complained about the retaliation to Defendant Miller. Plaintiff explained her paycheck has steadily declined since she reported sexual assault. Defendants responded by increasing Plaintiff's hourly rate by two dollars. However, Plaintiff's paychecks continued to total the same, or less than, her earnings prior to the rape.

62. In addition to the reduction in pay and demotion, Defendants' retaliation towards Plaintiff included a hostile work environment.

63. After the sexual assault, Defendant forced Plaintiff to perform very onerous tasks.

64. Defendants also denied Plaintiff's request to use her accrued paid time off to attend rape counseling, furthering Plaintiff's anguish.

65. On another occasion, Plaintiff walked one hour and forty-five minutes to work because she did not have any other means of transportation. When she arrived at work, Defendant Miller told Plaintiff, to go home and "there is no work for you here," despite obvious assignments available.

66. Defendants' campaign of retaliation against Plaintiff furthered her feelings of discomfort, embarrassment, and shame.

67. On or around April 7, 2022, Defendants scheduled a meeting with Plaintiff. During this meeting, Defendant Calvin stated to Plaintiff, "**You are more of a liability than anything**."

68. Plaintiff felt humiliated and discouraged.

69. On or about April 12, 2022, Defendants scheduled a second meeting with Plaintiff. During this second meeting, Defendants Miller and Calvin terminated Plaintiff.

70. This retaliatory termination occurred only ninety days after Plaintiff complained about being raped by Defendant Ellanna, Defendants' employee charged with training Plaintiff.

71. This retaliatory termination occurred only about thirty days after Plaintiff complained about the retaliation she was subjected to in response to her complaint of being raped by Defendant Ellanna.

72. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

73. As a result of the acts and conduct complained of herein, Plaintiff suffered and will continue to suffer the loss of: income, salary, bonuses, benefits and other compensation which her employment entails, and Plaintiff suffered future enjoyment of life and other non-pecuniary losses.

74. Plaintiff further experienced severe emotional distress.

75. Upon information and belief, the discrimination and retaliation will continue after the date of this complaint and Plaintiff hereby makes a claim for all continuing future harassment.

76. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

77. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

78. The above are just some examples of the discrimination to which Defendants subjected Plaintiff.

79. Defendants exhibited a pattern and practice of discrimination and retaliation.

## FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
**Not against any individual Defendants**

80. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

81. Title VII states in relevant part as follows: "(a) Employer practices: It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

82. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant.

83. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, sex, and national origin.

84. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing, allowing, and otherwise discriminating against Plaintiff because of Plaintiff's sex and creating a hostile work environment.

85. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### Not against any individual Defendants

86. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

87. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

88. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of her opposition to the unlawful employment practices of Defendant, including but not limited to continued discrimination, continued harassment, continued hostile work environment, and wrongful termination.

89. Defendant violated the above and Plaintiff suffered numerous damages as a result.

# THIRD CAUSE OF ACTION

## FOR DISCRIMINATION IN VIOLATION OF

## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

### Against all Defendants

90. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

91. California Fair Employment and Housing Act ("FEHA") protects the right of all persons to seek, obtain, and hold employment without discrimination based on age, sex, gender, gender identity, gender expression, and sexual orientation. (See California Government Code sections including but not limited to section 12940 (a)).

92. Defendants violated FEHA by disparate treatment of Plaintiff based on sex, gender, gender identity, and gender expression. Plaintiff is a member of these protected classes.

93. Plaintiff has suffered adverse employment actions and a hostile work environment because of discrimination and harassment based on sex, gender, gender identity and gender expression, and was harmed thereby.

94. Plaintiff is informed and believes that her sex, gender, gender expression, and gender identity were substantial motivating reasons or factors in the decisions to subject Plaintiff to adverse employment actions of a hostile work environment, discrimination, retaliation, failure to prevent discrimination, harassment, and wrongful termination.

95. Said conduct violates FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

96. As a proximate result of Defendants' conduct, Plaintiff suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all to her damage in an amount in excess of $25,000, the actual amount to be proven at trial.

97. Defendants committed the acts described herein maliciously, despicably, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

# FOURTH CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF

## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**Against all Defendants**

98. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

99. Defendants violated California Gov. Code §12940, et seq. by retaliating against Plaintiff because she opposed, complained about, and protested Defendants' discriminatory conduct.

100. Plaintiff engaged in the protected activities of complaining about and protesting Defendant's discriminatory and harassing conduct towards Plaintiff based upon her gender, sex, gender identity and gender expression, as set forth hereinabove.

101. Plaintiff is informed and believes and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent and/or ratification of, or at the direction of, each other Defendant.

102. Plaintiff is informed and believes that her complaints and protestations about Defendants' discriminatory and harassing conduct were motivating reasons and/or factors in the to prevent the discrimination and harassment and the subjection of Plaintiff to adverse employment actions including wrongful termination.

103. Plaintiff's complaints to Defendants about discrimination protected by FEHA, Government Code section 12900, et seq., were motivating factors in Defendants' decision to fire Plaintiff and/or to take other adverse employment action, including further hostile work environment.

104. Plaintiff complained to Defendants about the discrimination and hostile work environment she endured, and Defendants took no reasonable steps stop the retaliation Defendants subjected Plaintiff to. Defendants took no meaningful action to remedy the discrimination Plaintiff endured.

105. Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, et seq., and Defendants committed unlawful employment practices, including by the following, separate bases for liability:

   a. Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's actual and/or perceived sex, gender and/or other protected characteristics, in violation of Government Code section 12940(a);

   b. Retaliating against Plaintiff for his complaints to Defendants about the harassment and discrimination he experienced by taking adverse employment actions against him, in violation of Government Code section 12940(f);

    c. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the basis of Plaintiff's sex, gender, and/or other protected characteristics, in violation of Government Code section 12940(j);

    d. Retaliation on the basis of actual and/or perceived sex, gender, in violation of Government Code section 12940(k); and

    e. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Defendant's failure to recognize such rights, including the right to be free of discrimination, in violation of Government Code section 12940(h).

106. Defendants violated FEHA by retaliating against Plaintiff because she attempted to exercise her protected rights, as set forth hereinabove.

107. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress and losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants.

108. The grossly outrageous, reckless, oppressive, intentional, malicious and bad faith manner in which Defendants engaged in those acts as described in this cause of action entitle Plaintiff to an award of punitive damages against Defendants, in an amount within the jurisdiction of this court to be ascertained by the fact finder, that is sufficiently high to punish Defendants, deter them from engaging in such conduct again, and make an example of them to others.

109. Plaintiff also requests remuneration for her costs and attorney fees, as allowed by FEHA for Plaintiff's prosecution of this action in reference to the FEHA code violations described herein.

110. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## FIFTH CAUSE OF ACTION
## FOR HARASSMENT AND AIDING AND ABETTING
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
### Against all Defendants

111. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

112. At all times hereto, FEHA was in full force and effect and was binding upon Defendants and each of them.

113. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

114. These laws set forth in the preceding paragraph require Defendants to refrain from harassing, creating, or maintaining a hostile work environment against an employee based upon her sex, gender, sexual orientation, gender identity, age, or gender expression, and for aiding and abetting harassment and retaliation.

115. Defendants' discriminatory conduct was severe and pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile and abusive.

116. Defendants violated FEHA and the public policy of the State of California which is embodied in FEHA by creating a hostile work environment, harassing, and discriminating against Plaintiff because of her sex, gender, gender identity and gender expression, as set forth hereinabove.

## SIXTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION OF PUBLIC POLICY
### Against all Defendants

117. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

118. The California Fair Employment and Housing Act ("FEHA") protects the right of all persons to seek, obtain, and hold employment without discrimination based on age, gender, sex, sexual orientation, gender identity, and gender expression. (Government Code section 12940 (a) et seq.)

119. FEHA embodies fundamental, substantial, and well-established public policies of the State of California. In constructively discharging Plaintiff and treating her disparately based on her gender, sex, gender identity, and gender expression, Defendants violated the fundamental, substantial, and well-established public policies embodied in FEHA.

120. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

121. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

122. In engaging in the conduct alleged herein, Defendants, each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for her known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

123. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## SEVENTH CAUSE OF ACTION
## FOR FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF Govt. Code §12490(k)
### Against all Defendants

124. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

125. At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

126. During Plaintiff's employment, Defendants failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of Plaintiff's protected status (i.e., her sex, gender, gender identity and gender expression). During Plaintiff's employment, Defendants failed to prevent themselves and their employees from engaging in unjustified employment practices against employees in such protected classes. During Plaintiff's employment, Defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the basis of sex and gender.

127. Defendants knew or should have known about the sex, gender, gender identity and gender expression discrimination and retaliation of Plaintiff set forth above.

128. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

129. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

130. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

131. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

132. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

133. The conduct of Defendants, including their agents and employees, was done with conscious disregard of Plaintiff's rights, was carried out by authorized agents acting in a deliberate, calloused, and intentional manner in order to injure and damage Plaintiff, which conduct was despicable, egregious and oppressive, and constituted fraud, malice or oppression as defined by Civil Code section 3294. Therefore, Plaintiff is entitled to punitive damages in an amount sufficient to punish or set an example of defendants, in a sum to be proven at trial.

## EIGHTH CAUSE OF ACTION
## FOR CIVIL SEXUAL BATTERY
## IN VIOLATION OF CALIORNIA CIVIL CODE SECTION 1708.5
### Against Individual Defendant Ellanna

133. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

134. California Civil Code § 1708.5 defines liability of person who commits sexual battery as a person who, inter alia, does any of the following:

   a. Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.
   b. Acts with the intent to cause a harmful or offensive contact with another by use of the person's intimate part, and a sexually offensive contact with that person directly or indirectly results.
   c. Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

135. Defendant Ellanna intentionally caused harmful and offensive contact with the intimate part of another and a sexually offensive contact with that person directly resulted when he raped Plaintiff by forcing his penis into her vagina.

136. Defendant Ellanna's intentional contact and offensive sexual assault of Plaintiff was carried out without Plaintiff's consent and with complete disregard to Plaintiff's objections and personhood.

## NINTH CAUSE OF ACTION
## FOR NEGLIGENT SUPERVISION
## IN VIOLATION OF THE COMMON LAW
### Against Defendants Ramar International Corporation,
### John Miller and Calvin (Last Name Unknown)

137. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

138. A cause of action for negligent supervision has the following elements: "an employer supervising an employee; who is incompetent or unfit; the employer had reason to believe undue risk of harm would exist because of the employment; and the harm occurs." *Nat'l Promotions & Advert., Inc. v. Nat'l Sur. Corp.*, 2022 U.S. Dist. LEXIS 187765, at *27 (C.D. Cal. Sep. 23, 2022) (quoting *Albert v. Mid-Century Ins. Co.*, 236 Cal. App. 4th 1281, 1292, (2015)).

139. Defendant Ramar International Corporation negligently supervised Defendant Ellanna who was unfit for employment due to his propensity for sexual violence. Defendant Ramar International Corporation had reason to believe that an undue risk of harm would exist because of the employment of Defendant Ellanna or failed to use reasonable care to discover his unfitness and due to this negligence Plaintiff was raped.

140. As evidence of Defendant's notice of Defendant Ellanna's unfitness, Plaintiff points to Defendant Miller's response "I figured that," when Plaintiff told Defendant Miller that she had been raped by Defendant Ellanna.

141. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

142. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

143. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

144. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress and losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants.

145. The grossly outrageous, reckless, oppressive, intentional, malicious and bad faith manner in which Defendants engaged in those acts as described in this cause of action entitle Plaintiff to an award of punitive damages against Defendants, in an amount within the jurisdiction of this court to be ascertained by the fact finder, that is sufficiently high to punish Defendants, deter them from engaging in such conduct again, and make an example of them to others.

146. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest, declaratory judgment, injunctive relief, and all other damages as are just and proper to remedy DEFENDANTS' unlawful employment practices.

**Slater Slater Schulman LLP**

Michael Carney, Esq.
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action which may be tried by a jury.

DATED: January 10, 2023            **Slater Slater Schulman LLP**

*Attorneys for Plaintiff*

Michael Carney, Esq. (SBN 241564)
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Boulevard, Suite 255
Beverly Hills, CA 90211
*Attorneys for Plaintiff*